# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### FORT MYERS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br><br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>TONY ZUMBO, )<br>)<br>)<br>Defendants, ) | Civil Action No.<br>2:13-CV-00729-JES-DNF<br><br>*March 20th, 2014* |

## DEFENDANT TONY ZUMBO'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW, Defendant, Tony Zumbo, by and through undersigned counsel, and files this his answer to Plaintiff's Amended Complaint and states in response thereto, that:

### I.  INTRODUCTION

Plaintiff filed an Amended Complaint alleging direct copyright infringement against Tony Zumbo seeking $10,050,000.00 in damages for 67 downloads of pornographic clips which vary in length from 5-20 minutes.  Defendant filed an answer containing sixteen affirmative defenses.  Plaintiff has filed a motion to strike six of those affirmative defenses and in doing so seeks to introduce facts outside of any pleadings.

### II.  LEGAL STANDARD

Fed. R. Civ. P. 12(f) provides that a court may order stricken from a pleading an insufficient defense or an immaterial matter.  However, a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.  *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).  In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings.  *Id.*  Only if a defense is insufficient as a matter of law will it be stricken.  *Anchor Hocking Corp. v. Jacksonville Elec. Authority*, 419 F. Supp 992 (M.D. Fla. 1976).  A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous or clearly invalid as a matter of law.  *Id.* Striking a portion of a pleading is a drastic remedy and the federal courts generally view motions to strike with disfavor and infrequently grant such requests.  *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 1354 (M.D. FL 2008).

### III. ARGUMENT

### A.  Defendants First Affirmative Defense (One Satisfaction Rule)

Plaintiff's motion to strike the first affirmative defense must fail.   Plaintiff is in the business of making pornographic vignettes which are generally less than ten minutes long.  Plaintiff has brought suits in the various courts of the country where they have sought payments and settlements alleging joint and several liability against multiple alleged infringers for their involvement in a bittorrent swarm.  Here, Plaintiff is alleging that Defendant is alleged to have participated in concert with other "Users" in sixty-seven different bittorrent swarms.  *Amended Complaint*, Doc. 8, ¶ 11.

By inclusion of others in participation in the bittorrent scheme in Plaintiff's complaint, Planitiff has made allegations against Defendant and other tortfeasors with whom Plaintiff has already settled.    "If a single individual acting alone infringes a work, the award is individual.  If multiple infringers acting together infringe a work, the award is joint and several." *Agence France Presse v. Morel*, 934 F. Supp. 2d 584, 590 (S.D. N.Y. 2013).  Nothing in § 504(c) contravenes that fact.  *Id.*  Plaintiff's pecuniary interest in bringing individual suits against multiple tortfeasors should not outweigh the intent of § 504(c).  Section 504(c) speaks of "infringers" not parties.  *MCA Television Ltd. v. Feltner*, 89 F. 3d 766 (11th Cir. 1996) *quoting Mason v. Montgomery Data*, 967 F.2d 135, 143-44 (5th Cir, 1992) " . . . the total number of 'awards' of statutory damages . . . that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable infringers . . ."  By the allegations of the Plaintiff, other users were involved in the infringement.  And, by the allegations of the Defendant, some of those other users have given money towards damages for the same action of infringement.

Plaintiff misconstrues 17 U.S.C. § 504(c) stating that that the legislative intent is that maximum statutory damages are per work, *per case*- such interpretation has not yet been decided by the 11th Circuit nor any other binding authority.  A Plaintiff could maximize their potential award by willfully ignoring the involvement of other tortfeasors and filing separate suits.   Defendant is currently unaware of the other "users" of bittorrent which allegedly participated in concert with the Defendant.  Even if a jury were

to award an amount of statutory damages to the Plaintiff, those statutory damages could be reduced by the amounts of settlements of other tortfeasors.

Because the affirmative defense raises an arguable claim in law, in the manner of confession and avoidance, the Plaintiff's motion to strike Defendant's first affirmative defense should be denied.  Such a determination on this point of law should not be made upon a motion to strike.

**B.  Defendant's Second Affirmative Defense (License/Consent/Acquiescence)**

Defendant's second affirmative defense hinges on a factual argument.  Despite the Defendant's inclusion of "Consent" and "Acquiescence" in this affirmative defense, the Plaintiff deals solely with the term "implied license" and seeks to strike this affirmative defense on the grounds that the Defendant will not be able to prove that an implied license exists.

In an effort to defeat only the use of the term implied license, the Plaintiff seeks to introduce facts not on the face of any pleading.  Even if implied license is not eventually proved by the Defendant, he is not without the ability to plead such defense, even if it is ultimately proven to be incorrect.  While not necessarily perfectly accurate, the words of the second affirmative defense place the Plaintiff on notice what the Defendant intends to argue.  Based upon the Plaintiff's motion to strike, the Plaintiff has admitted that it is possible for certain facts to be proved allowing a Defendant to adequately show that an implied license exists.  Because the second affirmative defense is not solely based upon a theory of implied license, but also consent and acquiescence- the affirmative defense should not be stricken when viewed as true.

### C.  Defendant's Third Affirmative Defense (Failure to Mitigate)

Plaintiff states that the defense of failure to mitigate damages is inapplicable to the instant case because they have elected statutory damages and not actual damages. Defendant's allegation on a failure to mitigate damages is not based upon one action of infringement, but multiple actions.  Specifically, the Plaintiff learned on or about 09/02/2012 that a work titled "Perfect Together" was supposedly infringed by Defendant. The Plaintiff could have taken actions at that time to end the alleged continued infringement by the IP address 107.4.84.246 by taking any number of legal steps in an efforts to notify Comcast and the Defendant that infringement of their works were taking place.  Instead, the Plaintiff chose to wait until an additional 66 infringements allegedly occurred before taking steps to address it.

Plaintiff disingenuously cites to *Malibu Media, LLC v. Doe*, 8:13-CV-00472-JDW-EAJ, CM/ECF 19, at p. 2 (M.D. Fla. July 17, 2013) for the proposition that Plaintiff has already won a motion to strike within the Middle District because a failure to mitigate is "[ ] inappropriate when a party seeks only statutory, as opposed to actual damages." However, the inclusion of such language within that order was dicta, and the bracketed omission of the Plaintiff was the word "*generally*" as in:  "the defense of failure to mitigate damages is *generally* inappropriate when a party seeks only statutory, as opposed to actual damages."  *Id.* (emphasis added)

Because the Defendant's defense of a failure to mitigate deals not with one infringement, but instead multiple infringements, it is within the proper purview of the

finder of fact to question why, when such avenues of mitigation exist, the Plaintiff instead chose to wait a year and allow more 66 additional works to be infringed.

**D.  Defendant's Eighth Affirmative Defense (Several Works not Entitled to Copyright)**

Defendant's eighth affirmative defense hinges on the standpoint that works of child pornography- those featuring "actors" under the age of 18 years- is not entitled to copyright protection.  It is not merely a denial, but is a plea of avoidance and is proper as an affirmative defense.  Efforts to prevent the exploitation of minors have resulted in the promulgation of 18 U.S.C. § 2257, which was put in place to ensure that those marketing and engaged in the sale of pornography do not sell nor transmit works featuring minors.

18 U.S.C. § 2257 is not directly related to statutes on copyright.  It is, however, directly related to the issue of whether such works made by Plaintiff are child pornography.  Plaintiff has reconfigured Defendant's argument to build a straw man arguing that compliance with 18 U.S.C. § 2257 is not a precondition to eligibility for copyright.  While this might be the case, it is Defendant's position that if the pornography produced by Malibu Media contains child pornography, that it should not be entitled to copyright protection.  The best evidence that the works of Malibu Media are not child pornography would be those records required by 18 U.S.C. §2257.

A decision striking the Defendant's eighth affirmative defense would mean that it is a settled point of law that child pornography is eligible for copyright protection and an award of statutory damages.

**E.   Defendants Twelfth Affirmative Defense (Champerty and Maintenance)**

In an effort to defeat Defendant's twelfth affirmative defense, Plaintiff has again resorted to the injection of facts that have not been plead by the Defendant.  While acknowledging that Champerty and Maintenance can be a defense in a copyright action, the Plaintiff has claimed that because:

> "Here there is no champerty or maintenance.  Plaintiff's investigator is not carrying on the litigation at its own costs or risk, there is no sham copyright assignment, and Plaintiff's investigator is not paid on a contingency fee basis."

These factual disagreements between the Plaintiff and the Defendant are not proper in a motion to strike.  The Plaintiff has been properly put on notice what the Defendant intends to argue.  Furthermore, the Plaintiff has not made any accusation that the arguments of champerty or maintenance are legally insufficient or unavailable to the Defendant.   Therefore, Plaintiff's motion to strike this affirmative defense should be denied.   It is the standpoint and well founded belief of Defendant that IPP and its investigators are more involved with the decision to bring suit in each individual case than the owners of Malibu Media, and that this fact could be considered to alleviate damages.

### F.  Defendant's Fourteenth Affirmative Defense (Laches)

Defendant's allegation of laches is bare bones but sufficient based upon the four corners of the pleading and the other allegations made, particularly as they relate to Defendant's third affirmative defense.  There is no requirement to replead allegations of previous affirmative defenses within Defendant's fourteenth in effort to put the Plaintiff on proper notice.  Just as Plaintiff can allege quite blindly that the Defendant downloaded

several works in their complaint, any statement that the defense of laches will ultimately

fail does not abrogate the right of the Defendant to raise it in a pleading.

If both the third and fourteenth defenses are deemed stricken, the Defendant will

not be able to sufficiently plead a matter which could be evaluated by a jury as important

to the question of damages.  Motions to strike on the grounds of insufficiency,

immateriality, irrelevancy, and redundancy are not favored and are "time wasters"

"usually denied unless the allegations have no possible relation to the controversy and

may cause prejudice to one of the parties." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*,

716 F. Supp 1416, 1417 (M.D. Fla. 1989).  The Defendant's defense of laches eliminates

redundancy within the pleading as Defendant is not required to make repetitious

statements in support of his later plead defenses.

Although Plaintiff has complained of it being a barebones allegation, by the

crafting of its own argument against laches, it seems that the Plaintiff is quite on notice as

to what the allegations of the Defendant are in his defense upon trial of the matter.

## IV.  CONCLUSION AND REQUEST FOR RELIEF

The affirmative defenses plead by the Defendant were specific and factually

supported throughout the pleading of the Defendant.   Full facts be known, none of the

affirmative defenses are necessarily factually applicable because Defendant has not

committed any act of infringement nor made a copy of the Plaintiff's work.  Nonetheless,

if a jury could somehow decide against Mr. Zumbo in favor of the accuracy of the

technical investigation by IPP and Malibu Media, Mr. Zumbo is entitled to every defense

that can rightfully be plead or made issue.    Because Plaintiff has repeatedly made

factual allegations disputing the accuracy or truth of the affirmative defenses, the motion to strike shows that Plaintiff has been adequately noticed as to what defenses may be argued at trial.

Dated this 20th day of March, 2014.

Respectfully submitted,
Graham W. Syfert, Esq.,P.A.

By: _____

Graham W. Syfert (39104)
Trial Counsel
FL/GA Attorney at Law
1529 Margaret St, Unit 2
Jacksonville, FL 32204
Phone: (904) 383-7448
Fax: (904) 638-4726
graham@syfert.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was sent by e-mail this day via ECF to attorney for the Plaintiffs, M. Keith Lipscomb, klipscomb@lebfirm.com, this 20th of March, 2014.

By: _____

Graham W. Syfert (39104)