UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

       Plaintiff,

v.                     Case No: 2:13-cv-729-JES-DNF

TONY ZUMBO,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #12) filed on March 18, 2014. Defendant filed a Response (Doc. #13) on March 20, 2014.

On January 14, 2014, plaintiff Malibu Media, LLC, filed an Amended Complaint (Doc. #8) against defendant Tony Zumbo. Plaintiff alleges that defendant directly infringed its copyrights in violation of 17 U.S.C. Section 501 by copying and distributing plaintiff's works using BitTorrent. (Doc. #8.) Defendant filed an Answer and Affirmative Defenses (Doc. #11) on February 25, 2014, containing sixteen affirmative defenses. Plaintiff moves to strike defendant's first, second, third, eighth, twelfth and fourteenth defenses. (Doc. #12.)

**I.**

Under Fed. R. Civ. P. 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher, 881 F. Supp. at 576 (citing Augustus v. Bd. of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962)).

Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. A party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds

upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and state a plausible defense.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Thus, "[w]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations.  If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken."  Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (footnote omitted) (internal quotation marks omitted).

## II.

**A.  Defendant's First Affirmative Defense**

Plaintiff's one-count Amended Complaint seeks injunctive relief, an award of statutory damages, and award of reasonable attorney fees and costs, and any further relief deemed just and proper by the court.  (Doc. #8 at 6.)  Defendant's first affirmative defense alleges that the "one satisfaction rule" bars plaintiff's claim for statutory damages.  Defendant asserts that the maximum statutory damage fee has already been received by plaintiff in settlements or judgment paid by co-infringers of the same copyrighted work (Doc. #11 at 5.)  Plaintiff moves to strike because the defense is improper and insufficiently pled. (Doc. #12 at 2-3.)

Equity "provides that a plaintiff is entitled to only one satisfaction for a single injury," thereby barring duplicative

recovery from joint copyright infringers. BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1276 (11th Cir. 2008) (holding copyright infringers are entitled to a reduction in damages in the amount already paid in settlement by jointly liable parties). Furthermore, under the Copyright Act, "when statutory damages are assessed against . . . a group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work." Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 294 (9th Cir. 1997) rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998). Consequently, a copyright holder may only collect one collective award of statutory damages per work from joint infringers.

Here, defendant adequately alleges that plaintiff has already been paid the maximum statutory damages by joint "infringers who were involved, via Bit[T]orent, [in] the distribution of the same work[s]." (Doc. #11 at 5.) No binding precedent was cited by plaintiff which would preclude such a defense because the co-infringers were named in separate cases. Accordingly, the affirmative defense is plausibly pled and the motion to strike defendant's first affirmative defense is denied.

**B.   Defendant's Second Affirmative Defense**

Defendant's second affirmative defense asserts implied license, consent, and acquiescence to distribute plaintiff's works on the internet. (Doc. #11 at 5-6.)  It asserts that plaintiff made works "freely available on the Bittorrent network and a variety of other sources . . . without paid subscription." (Doc. #11 at 6.)  Plaintiff asserts the defense is inadequately pled and insufficient as a matter of law. (Doc. #12 at 4.)

There are actually three distinct defenses set forth in the second affirmative defense.  Two of them are insufficiently pled.

"An implied license is created when one party (1) creates a work at another person's request; (2) delivers the work to that person; and (3) intends that the person copy and distribute the work.  Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1235 (11th Cir. 2010).  Here, defendant does not allege that plaintiff created the works for him or that plaintiff delivered them to him. (Doc. #11 at 6.)  The affirmative defense fails to give fair notice to plaintiff or establish plausibility and is, therefore, inadequately pled. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678-79.  Consequently, plaintiff's motion to strike defendant's second affirmative defense as to implied license is granted.

Defendant also asserts the defense of consent by waiver.  "[W]aiver or abandonment of copyright occurs only if there is an intent by the copyright proprietor to surrender rights in his

work." <u>Thornton v. J Jargon Co.</u>, 580 F. Supp. 2d 1261, 1282 (M.D. Fla. 2008) (citing <u>Oravec v. Sunny Isles Luxury Ventures L.C.</u>, 469 F. Supp. 2d 1148, 1177 (S.D. Fla. 2006)).   The second affirmative defense states that plaintiff made the works "freely available on the Bittorent network and a variety of other sources . . . and without paid subscription," and thereby has "authorized distribution on the internet.   Specifically, Defendant claims that Plaintiff's agents have authorized the release of the material over the internet."   (Doc. #11 at 6.)   This adequately pleads an intent to abandon copyright rights.   The defense of waiver is sufficiently pled, and therefore, the motion to strike defendant's second affirmative defense as to consent by waiver is denied.

Finally, acquiescence requires that: "(1) [Plaintiff] actively represented that [he] would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." <u>SunAmerica Corp. v. Sun Life Assur. Co. of Can.</u>, 77 F.3d 1325, 1334 (11th Cir. 1996).   Active representation "does not necessarily mean an explicit promise not to sue. It only requires conduct on the plaintiff's part that amounted to an assurance to the defendant, express or implied, that plaintiff would not assert his trademark rights against the defendant." <u>Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.</u>, 683 F.3d 1266, 1282 (11th Cir. 2012) (internal quotation marks

omitted).  The second affirmative defense fails to adequately plead each of the requirements of acquiescence.  Accordingly, the motion to strike defendant's second affirmative defense as to acquiescence is granted.

In sum, the motion to strike defendant's second affirmative defense is granted as to implied license and acquiescence, and denied as to consent by waiver.

**C.   Defendant's Third Affirmative Defense**

Defendant's third affirmative defense alleges that plaintiff failed to mitigate damages by purposefully avoiding taking sufficient steps to protect the copyrighted material. (Doc. #11 at 6.)  Plaintiff counters that failure to mitigate damages is not a defense when, as here, a plaintiff seeks only statutory damages. (Doc. #12 at 5.)

Neither party has identified any binding precedent, and the other courts are split.  In a substantially similar case, one district court in the Eleventh Circuit has agreed that an election of statutory damages precludes the defense. Malibu Media, LLC v. Fitzpatrick, 1:12-CV-22767, 2013 WL 5674711, at *3 n.17 (S.D. Fla. Oct. 17, 2013); see also Malibu Media, LLC v. Yamaguchi, No. 13-CV-02781-WYD-MEH, 2014 WL 2021973, at *4-5 (D. Colo. May 16, 2014); Malibu Media, LLC v. Doe, No. 1:13-CV-30, 2013 WL 4048513, at *2 (N.D. Ind. Aug. 9, 2013); Malibu Media, LLC v. Batz, No. 12-cv-01953-WYD-MEH, 2013 WL 2120412, at *3 (D. Colo. April 5, 2013)

report and recommendation adopted, 2013 WL 2115236 (D. Colo. May 15, 2013); Malibu Media, LLC v. Lee, CIV. 12-03900, 2013 WL 2252650, at *8 (D.N.J. May 22, 2013) (denying motion to strike only because plaintiff had not yet elected statutory damages). However, other courts have allowed the defense, reasoning that "because [courts] ha[ve] broad discretion in determining how to award statutory damages and may consider actual damages as a factor in making that determination, a failure to mitigate damages may remain relevant, particularly because one purpose of statutory damages is to approximate actual damages that are difficult to prove." Malibu Media, LLC v. Doe, 2:13-CV-135-RLM-JEM, 2014 WL 1031336, at *2 (N.D. Ind. Mar. 17, 2014) (citing Malibu Media, LLC v. Julien, 1:12-CV-01730-TWP, 2013 WL 5274262, at *2 (S.D. Ind. Sept. 17, 2013)); see also, Malibu Media, LLC v. Reeves, 1:12-CV-00841-SEB, 2013 WL 5487424, at *2-3 (S.D. Ind. Sept. 27, 2013). In the absence of controlling authority, the Court declines to strike the defense. See Reyher, 881 F. Supp. at 576.

Further, the defense is adequately pled. Some courts have indeed recognized that knowing failure to stop ongoing copyright infringement amounts to a failure to mitigate. See Tingley Sys., Inc. v. HealthLink, Inc., 509 F. Supp. 2d 1209, 1219 (M.D. Fla. 2007) (finding dispute about whether copyright holder sent warning letter to defendant constituted genuine issue of material fact in defense of failure to mitigate damages); Interplan Architects,

Inc. v. C.L. Thomas, Inc., 4:08-CV-03181, 2010 WL 4366990, at *47-48 (S.D. Tex. Oct. 27, 2010); Frank Betz Assocs., Inc. v. J.O. Clark Constr., LLC, CIV.A 3:08-CV-00159, 2010 WL 2253541, at *18-19 (M.D. Tenn. May 30, 2010). But see Home Design Servs., Inc. v. Trumble, No. 09-CV-00964-WYD-CBS, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011) ("Even if [plaintiff] was aware of possible infringements of its copyrights in the same geographic area as the [defendants], [plaintiff] had no duty to preemptively warn individuals like the [defendants] not to violate copyright law."). Here, defendant alleges that: "[p]laintiff has purposefully avoided taking sufficient steps to protect their copyrighted material because it is more profitable to allow their subscribers to distribute content and seek judgments and/or settlements from the subscribers." (Doc. #11 at 6.) In addition, he contends that "IPP failed and continues to fail to take reasonable steps to ensure that the entity responsible for the freely available nature of their material on the internet ceases operation." (Doc. #11 at 6.) Thus, defendant gives sufficient notice of the legal and factual grounds of his third affirmative defense. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678-79.

Because defendant's third affirmative defense is well pled and presents substantial questions of law and fact, the motion to strike is denied.

**D.   Defendant's Eighth Affirmative Defense**

Defendant's eighth affirmative defense asserts that plaintiff's works are not entitled to copyright protection because plaintiff has not complied with a criminal statute relating to child pornography, Title 18, United States Code, Section 2257. (Doc. #11 at 8.)  The statute provides:

> Whoever produces any book, magazine, periodical, film, videotape, digital image, digitally- or computer-manipulated image of an actual human being, picture, or other matter which -- contains . . . actual sexually explicit conduct . . . shall create and maintain individually identifiable records pertaining to every performer portrayed in such a visual depiction.

18 U.S.C. § 2257(a).  Nothing in this criminal statute suggests that it is an affirmative defense in a copyright infringement claim.  Additionally, while no court has directly ruled on the copyrightability of child pornography, "the prevailing view is that even illegality is not a bar to copyrightability." Flava Works, Inc. v. Gunter, 689 F.3d 754, 755 (7th Cir. 2012) (dicta); see also Belcher v. Tarbox, 486 F.2d 1087, 1088 (9th Cir. 1973) (affirmatively holding that fraudulent publications were copyrightable).  Moreover, the Eleventh Circuit has held that even obscenity and immoral content are copyrightable. Mitchell Bros. Film Group v. Cinema Adult Theater, 604 F.2d 852, 858 (5th Cir. 1979); accord Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 991 (9th Cir. 2009) (dicta) ("[I]llegal operation of a copyrightable work neither deprives the work of copyright

protection nor precludes generally available remedies."); Jartech,
Inc. v. Clancy, 666 F.2d 403, 406 (9th Cir. 1982) (dicta) (finding
obscenity is not a valid defense to copyright infringement).  Thus,
the Court grants the motion to strike.

**E.    Defendant's Twelfth Affirmative Defense**

Defendant's twelfth affirmative defense alleges that the
"technical investigators of Malibu Media have a contingent outcome
in the interest of the suit and have therefore maintained this
action in violation of the common law principles of champerty and
maintenance." (Doc. #11 at 9.)

"Maintenance is defined as an officious intermeddling in a
suit which in no way belongs to the intermeddler, by maintaining
or assisting either party to the action, with money or otherwise
to prosecute or defend it." Hardick v. Homol, 795 So. 2d 1107,
1109 (Fla. Dist. Ct. App. 2001) (quoting Kraft v. Mason, 668 So.
2d 679, 682 (Fla. Dist. Ct. App. 1996)).  "Champerty, meanwhile,
is a form of maintenance wherein one will carry on a suit in which
he has no subject-matter interest at his own expense or will aid
in doing so in consideration of receiving, if successful, some
part of the benefits recovered." Hardick, 795 So. 2d at 1109
(internal quotation marks omitted); accord Roberts v. Cooper, 61
U.S. 467, 475 (1857) ("[P]rofessional or any other aid, in
consideration of having a part of the subject or thing in
controversy, is sufficient.")

11

At common law, a champertous contract is void. Cone v. Benjamin, 27 So. 2d 90, 107 (Fla. 1946). However, a plaintiff does not forfeit a valid claim against a defendant merely by entering a champertous contract with a third party. Id. at 107; Hardick, 795 So. 2d at 1111; accord Watkins v. Sedberry, 261 U.S. 571, 576-77 (1923); Burnes v. Scott, 117 U.S. 582, 590 (1886); Boone v. Chiles, 35 U.S. 177 (1836). "It is the champertous contract and not the right of action itself which the contract avoids, and therefore defendant cannot avail himself of the champertous agreement as a defense to the action." Cone, 27 So. at 107.

Here, even if plaintiff's agreement with his technical advisors is void for champerty and maintenance, it is not a defense to the independent copyright infringement claim against defendant. Accordingly, the motion to strike defendant's twelfth affirmative defense is granted.

**F.   Defendant's Fourteenth Affirmative Defense**

Defendant's fourteenth affirmative defense states that "[p]laintiff's claims are barred in whole or in part by the doctrine of laches." (Doc. #11 at 9.) "[I]n face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief . . . ." Petrella v. Metro-Goldwyn-Mayer, Inc., ---U.S. ---, 134 S.Ct. 1962, 1974 (2014) (holding laches cannot bar relief under the Copyright Act). Since the Copyright Act

establishes a three year statute of limitations, 17 U.S.C. § 507(b), the motion to strike will be granted as to the defense of laches.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Strike/Dismiss Defendant's Answer and Affirmative Defenses (Doc. #12) is **GRANTED IN PART AND IS DENIED IN PART.** The motion is granted as to the Second Affirmative Defense as to Implied License and Acquiescence, and the Eighth, Twelfth and Fourteenth Affirmative Defenses, and is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of June, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record