**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 2:13-cv-00729-JES-DNF |
| | ) | |
| v. | ) | |
| | ) | |
| TONY ZUMBO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R.

Civ. P. 26(f) and M.D. Fla. R. 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)**<br>[Court recommends 30 days after CMR meeting] | August 4 , 2014 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[each party who has not previously filed must file immediately] | July 6, 2014 |
| **Motions to Add Parties or to Amend Pleadings**<br>[Court recommends 1 - 2 months after CMR meeting] | February 6, 2015 |
| **Disclosure of Expert Reports**                                     Plaintiff:<br>Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | January 15, 2015<br>February 15, 2015 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | March 13, 2015 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** | May 14, 2015 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| [Court requires 4 months or more before trial term begins] | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [14 days before Joint Final Pretrial Statement] | April 10, 2015 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | April 16, 2015 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** [Court recommends 3 weeks before Final Pretrial Conference] | July 10, 2015 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | August 7, 2015 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | September 7, 2015 |
| **Estimated Length of Trial** [trial days] | Four days |
| **Jury / Non-Jury** | Jury Trial |
| **Mediation** Deadline:                                                    Mediator: Address:                      Telephone: [Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | The parties are cooperating to identify a mutually agreeable mediator and will file a Notice of Selection of Mediator no later than **August 19, 2014** |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes_**X**_ |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| | No_____<br><br>Likely to Agree in<br>Future _____ |

## I.      Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.   Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.   Pursuant to M.D. Fla. Local Rule 3.05(c)(2)(B) or (c)(3)(A) a meeting was held in person on:

July 5th, 2014 (date) at 11:30am (time) in Nassau County, Florida  (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| M. Keith Lipscomb | *Counsel for Plaintiff, Malibu Media, LLC* |
| Graham W. Syfert | *Counsel for Defendant Tony Zumbo* |

## II.      Preliminary Pretrial Conference

**Track Two cases**: Parties (check one) [_X_] request [__] do not request a Preliminary Pretrial Conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

Defendant has plead an affirmative defense under the one satisfaction rule arguing that one or more of Plaintiff's works have been satisfied in equity by settlements by those who may be considered in joint and several liability with the Defendant.   Defendant has therefore requested settlement information relating to the 67 works in question in this matter.   Defendant has offered a FRE 502(d) clawback on such information.

Plaintiff has stated that such information would not be willingly disclosed, be too difficult to calculate or narrow.   The parties request a Preliminary Pre-trial conference to determine how Malibu Media may disclose such information regarding settlements without lengthy dispute.

3

**III.      Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged _X_ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(C) - (D)

_____ on __X__by (check one) _August 4th, 2014_ (date).

**IV.      Agreed Discovery Plan for Plaintiffs and Defendants**

**A.      Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper - including emergency motion - is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___X___ Yes

_____ No          Amended Certificate will be filed by _____ (party) on or before _____ (date).

**B.      Discovery Not Filed**

–4–

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests electronically.  <u>See</u> M.D. Fla. R. 3.03 (e).  The parties further agree as follows:

### C.  Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).    Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed. R .Civ. P. 33(a).    The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties agreed dates, deadlines, and other limits in entering the scheduling order.  Fed. R. Civ .P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions – each deposition should last no more than 7 hours.

2. Interrogatories – the parties agree to propound no more than 25 written interrogatories

3. Document Requests - 30

4. Requests to Admit - 30

5. Supplementation of Discovery - Continuing duty to update discovery responsive to requests

### D.  Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

Parties agree that Defendant shall have until August 15th, 2014 to respond to Plaintiff's first requests for production and interrogatories.
_____

### E.  Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

_____

---

### F.      Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.   The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  (See M.D. Fla. R. 1.09).  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as confidential.  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.   The Court will enforce appropriate stipulated and signed confidentiality agreements.  See M.D. Fla. R. 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.  With respect to confidentiality agreements, the parties agree as follows:

_____

_____

### G.      Electronically Stored Information and Claims of Privilege

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

Through discovery, Plaintiff will request from Defendant full and complete forensically sound copies of Defendant's hard drive(s).

Plaintiff will produce to Defendant relevant PCAPs (packet captures), .torrent files, .mov files, and .mp4 files that correlate to the infringed works.   These files will be provided to

Defendant by DVD or flash drive or made available over the internet at the cost of the Plaintiff, except that only one PCAP from the 67 works shall be necessary to produce.  Additional PCAP requests will be the costs of the Defendant.

Plaintiff will produce all records concerning the 67 works from the MYSQL database from the moment they were monitored to the date that this suit was filed, by flash drive, hard drive, or made available over the internet.

### H.  Other Matters Regarding Discovery

_____

_____

### V.      Settlement and Alternative Dispute Resolution

#### A.      Settlement –

The parties agree that settlement is

___X__  likely ___ __  unlikely                        (check one)

**Parties currently intend to settle this matter before July 24, 2014 after final terms are resolved.**

The parties request a settlement conference before a United States Magistrate Judge.

__ __   yes      _____  no __X__ likely to request in future

#### B.      Arbitration –

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically.  Does this case fall within the scope of Local Rule 8.02(a)?

_____ yes     __**X**__ no

 For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

_____ yes     __X__ no     _____ likely to agree in future

_____ Binding                  _____Non-Binding

 In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation.  Local Rule 8.02(b).  The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

__X__ yes     _____ no     _____ likely to agree in future

 **C.** **Mediation –**

 Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties are currently working on selecting a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

 **D.** **Other Alternative Dispute Resolution –**

 The parties intend to pursue the following other methods of alternative dispute resolution:

_____

Date: May 13, 2014

/s/ _M. Keith Lipscomb_____                  M. Keith Lipscomb, Esquire

–8–

Lipscomb, Eisenberg & Baker, PL          Graham W. Syfert, Esq., P.A.


2 S. Biscayne Blvd., Penthouse 3800
Miami, FL 33132
Tel.: (786) 431-2228
Fax: (786) 431-2229
E-mail: klipscomb@lebfirm.com
*Attorney for Malibu Media, LLC*


 /s/ *Graham W. Syfert*
Graham W. Syfert, Esq.
1529 Margaret St, Unit 2
Jacksonville, FL 32204
Tel.: (904) 383-7448
Fax: (904) 638-4726
E-mail: graham@syfert.com
*Attorney for Tony Zumbo*